[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14892
Non-Argument Calendar

_____

D.C. Docket No. 4:13-cr-00394-LSC-SGC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP DON SCOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 9, 2017)

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Phillip Scott appeals his conviction for possession with intent to distribute

50 grams or more of methamphetamine, challenging the district court's denial of

his motion to suppress all evidence, including methamphetamine, seized after a

traffic stop.  On appeal, Scott argues that the district court erroneously interpreted Ala. Stat. § 32-5A-133 when it determined that the officer had probable cause for the traffic stop.  After careful review, we affirm.

We apply a mixed standard of review to the district court's rulings on a motion to suppress.  United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002).  We are required to accept the district court's factual findings as true unless they are clearly erroneous, but review de novo the district court's application of the law to the facts.  Id.  We defer to the credibility determinations of the fact-finder unless their understanding of the facts appears to be unbelievable.  Id.  We may affirm the denial of a motion to suppress on any ground supported by the record.  United States v. Carabello, 595 F.3d 1214, 1222 (11th Cir. 2010).

Traffic stops are seizures under the Fourth Amendment.  Delaware v. Prouse, 440 U.S. 648, 653 (1979).  A traffic stop is constitutional if it is based on probable cause to believe a traffic violation has occurred or justified by reasonable suspicion.  United States v. Harris, 526 F.3d 1334, 1337 (11th Cir. 2008).  The police may stop a vehicle when there is probable cause to believe that a driver is violating any one of "the multitude of applicable traffic . . . regulations relating to the operation of motor vehicles."  United States v. Strickland, 902 F.2d 937, 940 (11th Cir. 1990) (quotation omitted).  This standard is met when an officer personally observes a traffic infraction.  See Harris, 526 F.3d at 1337-38.  Courts

2

apply a reasonableness standard to Fourth Amendment issues, which allows for some mistakes of both fact and law on the part of government officials. Heien v. North Carolina, 135 S. Ct. 530, 536 (2014). Thus, an officer conducts a valid traffic stop even if he makes an objectively reasonable mistake of law -- if, e.g., he "incorrectly believ[es] that the law requires all brake lights to be operational instead of just one." United States v. McCullough, 851 F.3d 1194, 1201 (11th Cir.), petition for cert. filed, No. 16-8731 (Apr. 18, 2017).

In McCullough, we held that an officer made a valid traffic stop in Alabama when he stopped a driver for having a license plate cover that obscured the state name. Id. The Alabama law at issue required that "[e]very motor vehicle operator . . . shall at all times keep attached and plainly visible . . . a license tag or license plate." Id. (citation omitted). We read the text as leaving open the possibility that more than the alphanumeric symbols must be plainly visible. Id. We also noted that, even if the Alabama statute permitted a driver to obscure certain portions of the license plate as long as the alphanumeric symbols were left plainly visible, the officer's contrary conclusion was objectively reasonable because the language of the statute was unclear. Id. As for the defendant's claim that the officer could not have made a reasonable mistake of law because a state appellate court had already construed the statute to require only that the alphanumeric symbols be plainly

3

visible, we said that the presence or absence of an appellate decision was not dispositive of whether an officer's interpretation was objectively reasonable. Id.

Similarly, in Heien, the Supreme Court concluded that an officer had reasonable suspicion to make a traffic stop when he stopped a driver for only having one working brake light because it was objectively reasonable to believe that the driver was violating North Carolina law. Heien, 135 S. Ct. at 540. The Court explained that although the North Carolina Court of Appeals later held that a driver only needed one working brake light, the language of the North Carolina statute at issue was unclear and made it at least reasonable to think it required two. Id. Specifically, the statute required that a car must be:

> equipped with a stop lamp on the rear of the vehicle. The stop lamp shall display a red or amber light visible from a distance of not less than 100 feet to the rear in normal sunlight, and shall be actuated on application of the service (foot) brake. The stop lamp may be incorporated into a unit with one or more other rear lamps.

Id. at 535 (citation omitted). The Court said that even if the reference to a stop lamp suggested the need for only a single working brake light, the provision's last sentence made it unclear. Id. at 540. The Court added that the provision had not previously been construed by North Carolina's appellate courts. Id.

Under Alabama law, "[n]o person shall turn a vehicle or move right or left upon a roadway unless and until such movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter

4

provided." Ala. Code § 32-5A-133(a). The statute further provides that a "signal of intention to turn right or left when required shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning." Id. § 32-5A-133(b). There is no other statutory language relevant here.

We recognize that the plain language of § 32-5A-133(a) and (b), in combination, is unclear about whether a driver must signal at least 100 feet before a lane change (as opposed to a turn). Section 32-5A-133(a) refers to both turning a vehicle and moving "right or left upon a roadway," and says that a later section of the statute would "hereinafter" provide an appropriate signal that drivers must use before turning or changing lanes. Ala. Code § 32-5A-133(a). For its part, § 32-5A-133(b), which provides the appropriate signal and 100-foot requirement, refers only to turning and does not mention changing lanes or moving "right or left upon a roadway." Ala. Code § 32-5A-133(b). Since the statute provides no other signal requirement for a "move right or left," it is unclear whether the 100-foot signal requirement in § 32-5A-133(b) applies to both turning and changing lanes, or just to turning. Thus, as in both Heien and McCullough, the plain language of the statute is unclear. Heien, 135 S. Ct. at 540; McCullough, 851 F.3d at 1201.

Nonetheless, also as in both Heien and McCullough, the officer made a valid traffic stop because any mistake of law he made was objectively reasonable. The record shows, and Scott does not dispute, that he signaled as he was changing

5

lanes, but he did not give 100 feet of notice before changing lanes.  Because the Alabama statute says that it will define the appropriate signal for both turning and changing lanes, and the only requirement in the statute is for a signal to be given 100 feet before turning, the officer's belief that the statute required 100 feet of notice in order to change lanes may be correct.  But even if he was mistaken, he made a valid traffic stop because his reading of the statute was objectively reasonable.  See McCullough, 851 F.3d at 1201.  Indeed, we have never determined whether § 32-5A-133 requires drivers to signal at least 100 feet before a lane change, nor have the Alabama state courts.  Nor have we ever determined whether Florida's similar statute requires drivers to signal at least 100 feet before a lane change.  See Fla. Stat. § 316.155.

Finally, Scott's reliance on United States v. Alvarado-Zarza, 782 F.3d 246 (5th Cir. 2015), is misplaced.  First, we are not bound by the Fifth Circuit's decision.  Second, Alvarado-Zarza interpreted a Texas traffic statute that did not use the same language as the Alabama statute at issue here.  See Alvarado-Zarza, 782 F.3d at 249-50.  Unlike Alabama's statute, the Texas statute's 100-foot signal requirement applied only to turns because it never mentioned lane changes and the statute elsewhere differentiated between turns and lane changes.  Id. at 250.

6

In short, because the officer's reading of the statute was objectively reasonable and he made a valid traffic stop, the district court did not err in denying Scott's motion to suppress.

**AFFIRMED**.